IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:06CR385 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | TENTATIVE FINDINGS |
| | ) | |
| JEROME WILLIAM ANTHONY, | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the parties' objections thereto (Filing Nos. 35, 36). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The plea agreement includes a provision stating that the parties agreed that the drug quantity for which the Defendant, Jerome William Anthony, should be held responsible is at least 200 but less than 350 grams of a substance containing methamphetamine and the base offense level should be 28. Paragraph 26 of the PSR reflects a quantity of 424.64 grams of methamphetamine and base offense level 30. Both parties object to the drug quantity and base offense level reflected in ¶ 26 of the PSR. The Court finds that, absent unusual circumstances, the amount and base offense level stated in the plea agreement should be upheld. Therefore, the Court's tentative finding is that the parties' objections to ¶ 26 are granted.

The Defendant objects to criminal history points assessed in ¶¶ 41 and 42, arguing that these offenses fall under U.S.S.G. § 4A1.2(c)(1) and therefore zero points should be

assessed. As stated in the Addendum, to the PSR, the prior offenses described in ¶¶ 41 and 42 are not encompassed by § 4A1.2(c)(1). The Defendant also argues that these are military offenses; however, the offenses were prosecuted in the Douglas County Court, Douglas County, Nebraska. The objection is denied.

IT IS ORDERED:

1. The government's objection to the Presentence Investigation Report (Filing No. 36) is granted;

2. The Defendant's objections to the Presentence Investigation Report (Filing No. 35) are granted in part and denied in part:

   a. the objection to ¶ 26 is granted;

   b. the objections to ¶¶ 41 and 42 are denied;

3. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

4. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5. Absent submission of the information required by paragraph 4 of this Order, my tentative findings may become final; and

6.	Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 25th day of June, 2007.

>BY THE COURT:
>
>s/Laurie Smith Camp
>United States District Judge